```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BABATUNDE KAREEM AGORO,

                    Petitioner,
     -vs-                                  No. 10-CV-1055(MAT)
                                           DECISION AND ORDER
MARTIN HERRON, in his official
capacity Director, Buffalo
Federal Detention Facility,
Batavia, New York,

                    Respondent.
_____
```

## I.  Introduction

Babatunde Kareem Agoro ("Agoro" or "Petitioner"), a native and citizen of Nigeria, filed this pro se petition pursuant to 28 U.S.C. § 2241 on December 27, 2010, while he was in the custody of Respondents (also referred to hereinafter as the Department of Homeland Services Immigration and Customs Enforcement ("DHS/ICE")) at the Federal Detention Facility in Batavia, New York. Agoro was awaiting deportation pursuant to a final order of removal entered against him on November 29, 2005, based upon his having been convicted of credit card fraud in the District of Rhode Island, as well as a subsequent failure to appear in violation of 18 U.S.C. § 3416, an aggravated felony under the Immigration and Nationality Act.[1]

---

[1]

Represented by counsel, Agoro has filed a challenge in the District of Rhode Island to the underlying felony conviction for credit card fraud

Agoro's habeas petition was transferred to the undersigned on February 3, 2012, at which time Respondent was requested to provide additional documentation regarding DHS/ICE's latest decision to continue Agoro's custody. After those documents were submitted, Agoro filed several pleadings in further support of his request for supervised release.

At some point during the pendency of the proceeding, Agoro was transferred to the Etowah County Detention Center in Alabama. On May 17, 2012, the Court received a telephone call from Agoro stating simply that he had been released. The Detainee Locator on the U.S. Immigration and Customs Enforcement website, https://locator.ice.gov/odls/case-satus.jsp, last accessed by the Court on May 24, 2012, indicates that Agoro, A24-624-753, a native of Nigeria, was "Not In Custody".

As Agoro still has at least one petition for review pending in the United States Court of Appeals for the Second Circuit,[2] DHS/ICE is precluded from removing him pursuant to the informal forbearance

---

that led to his order of removal. See Agoro v. United States of America, Docket No. 12-1048 (1st Cir. 2012).

[2] On February 16, 2012, Agoro filed his tenth petition for review challenging his order of removal. See Agoro v. Holder, Docket No. 12-607 (2d Cir. 2012); Declaration of Donald Vaccaro dated March 28, 2012 & Exhibit A, pp. 47-49. Review of the Second Circuit's PACER website indicates that the Government has moved to dismiss the petition, but the matter remains pending. The Second Circuit has dismissed Agoro's nine previous petitions.

policy between the Government and the Court of Appeals.  Thus, he presumably has been released under an order of supervision.

Since Agoro has been released from continued administrative detention in DHS custody, the relief Agoro requests in his petition to this Court has been granted, and therefore the petition is moot. For the reasons that follow, the petition is dismissed without prejudice.

## II. Jurisdiction

Courts have an obligation to ensure that they have subject matter jurisdiction over a proceeding. See Alliance of American Insurers v. Cuomo, 854 F.2d 591, 605 (2d Cir. 1988) (stating that "a challenge to subject matter jurisdiction cannot be waived and may be raised sua sponte by the district court.").

### A. The Habeas Statute's "In Custody" Requirement

Section 2241(c)(1) of Title 28 of the United States Code provides that district courts may consider habeas petitions from prisoners "in custody under or by color of the authority of the United States." 28 U.S.C. § 2241(c)(1). "The 'in custody' requirement is satisfied if the petitioner files the habeas petition before being deported." So v. Reno, 251 F. Supp.2d 1112, 1120 (E.D.N.Y. 2003) (citing Gonzalez v. I.N.S., No. 01 Civ. 6229(HB), 2002 WL 31444952, at *3 (S.D.N.Y. Oct. 31, 2002) (stating that petitioner satisfies the "in custody" requirement of 28 U.S.C. § 2241 so long as he is in physical custody at the time the

petition is filed even if petitioner is later deported)). Here, when Agoro filed his § 2241 petition, he was in Respondents' custody, detained at the Federal Detention Facility in Batavia, New York. He therefore satisfied the "in custody" requirement of the habeas statute.

### B. Mootness

When a habeas petitioner has been released from custody after filing a petition, the petition may be moot, and the relevant inquiry becomes whether the case still presents a case or controversy under Article III, § 2 of the United States Constitution. Spencer v. Kemna, 523 U.S. 1, 7 (1998) "'[A] case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979) (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969)); accord City of Erie v. Pap's A.M., 529 U.S. 277, 287 (2000).

Where a habeas petition is based upon a criminal conviction, the cause is not rendered moot by the petitioner's release from custody, provided that petitioner continues to suffer "collateral consequences" of the conviction upon which the now-ended incarceration was based. Spencer, 523 U.S. at 7. Here, however, Agoro's habeas petition challenges only the lawfulness of his administrative detention by DHS. The sole relief Agoro seeks is

release from custody.[3] As this petition is based only on Agoro's allegedly unlawful detention in DHS custody, and not on the removal order from which the detention flowed, the issue is whether Agoro suffers from any "collateral consequences" of detention now that he has been released on bond and he is no longer "in custody" of DHS.

The district courts in this Circuit that have considered the issue have found that where an alien challenging his detention under 28 U.S.C. § 2241 is released during the pendency of his petition under an order of supervision, the petition is rendered moot. E.g., Denis v. DHS/ICE of Buffalo, N.Y., 634 F. Supp.2d 338, 341 (W.D.N.Y. 2009) (citing, inter alia, Baptiste v. I.N.S., 2006 WL 3050884, No. 06-CV-0615 (NG), at *2 (E.D.N.Y. Oct. 23, 2006) (holding that where petitioner was released pursuant to an order of supervision pending her removal, it was "clear that petitioner in the case at hand was challenging only the lawfulness of her detention" and "as a result of her release, [her] application for relief [was] moot."); Sayavong v. McElroy, No. 00Civ.0922(WHP)(FM),

---

[3] If Agoro sought to challenge the underlying order of removal, this Court would be precluded from exercising jurisdiction over this Petition by section 106(a)(1)(B) of REAL ID Act of 2005, 8 U.S.C. § 1252(a)(5), which "unequivocally eliminates habeas corpus review of orders of removal." Marquez-Almanzar v. I.N.S., 418 F.3d 210, 215 (2d Cir.2005). However, "[w]hile Congress specifically eliminated the district courts' habeas corpus jurisdiction over review of removal orders, the REAL ID Act does not affect the district courts' jurisdiction over review of other habeas corpus claims." Brempong v. Chertoff, No. 05-CV-733 (PCD), 2006 WL 618106, at *2 (D. Conn. Mar. 10, 2006).

2003 WL 470576, at *3 (S.D.N.Y. Jan. 9, 2003) ("After his petition was filed, Sayavong was released from INS custody pursuant to an Order of Supervision . . . . [T]he only relief sought . . . has previously been granted by the INS. It follows that Sayavong's petition is moot.").[4]

The only relief sought by Agoro and obtainable from this Court was release from DHS custody. Accordingly, Agoro's habeas petition became moot upon his release from his detention in Respondents' custody. Accord, e.g., Sayavong v. McElroy, 2003 WL 470576, at *3.

**III. Conclusion**

For the foregoing reasons, Babatunde Kareem Agoro's habeas petition no longer presents a "live" case or controversy for purposes of satisfying Article III, Section 2 of the United States

---

[4] Although the Second Circuit has not ruled on the issue directly in a published opinion, it has stated in an unpublished opinion:

> Petitioner . . . appeals from the judgment of the district court . . . finding his habeas petition to be moot. In that petition, [petitioner] challenged certain aspects of his immigration detention. . . . During the pendency of this appeal, another panel of this court vacated [petitioner's] order of removal. . . . As a result of this decision, [petitioner] was released from immigration detention. . . . [Petitioner's] release renders the issues presented in this appeal moot, and, we must dismiss his appeal.

Edwards v. Ashcroft, 126 Fed. Appx. 4 (2d Cir.2005) (unpublished); accord, e.g., Ali v. Cangemi, 419 F.3d 722, 724 (8th Cir. 2005); Riley v. I.N.S., 310 F.3d 1253, 1256-57 (10th Cir. 2002).

Constitution. The petition (Dkt. #1) accordingly is dismissed without prejudice.

A certificate of appealability shall not issue. See 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."); see also Lucidore v. New York State Div. of Parole, 209 F.3d 107, 112 (2d Cir. 2000).

**IT IS SO ORDERED.**

S/Michael A. Telesca

---

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:   Rochester, New York
         May 25, 2012